UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILSON VAZQUEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-02165 |
| TOTAL FINANCE, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES** Wilson Vazquez ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of Total Finance, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the actions or omissions giving rise to the claims occurred in the Northern District of Illinois. Defendant is authorized to conduct business in the Northern District of Illinois and Defendant has a registered office address on file with the Illinois secretary of state.

1

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a finance company that specializes in the acquisition and servicing of prime to subprime automotive retail installment contracts. Defendant conducts business all across the State of Illinois and has its principal place of business located at 3400 North Pulaski, Chicago, Illinois 60641. Defendant collects or attempts to collect, directly or indirectly, auto loan accounts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

6. In 2017, Plaintiff financed a vehicle with Defendant. ("subject loan," or "subject debt").

7. Consequently, in late September 2017, Defendant began placing collection calls to Plaintiff's cellular telephone number (630) XXX-8020 attempting to collect on the subject debt.

8. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 8020. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

9. Immediately after the calls began, Plaintiff answered the phone and advised Defendant that he cannot pay the subject debt as he is facing financial hardship and requested that Defendant cease placing calls to his cellular phone.

10. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 58 harassing phone calls to Plaintiff's cellular phone between September 2017 and the present day.

11. Along with placing numerous calls to Plaintiff, Defendant decided it was also necessary to text Plaintiff on several occasions about the subject debt.

12. Defendant has also called Plaintiff's wife on numerous occasions.

13. Plaintiff requested that Defendant cease placing calls to his cellular phone on no less than 3 separate occasions.

14. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling several times in one day.

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the automotive finance industry to collect defaulted car loans.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased

risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The

hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

29. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Defendant violated the TCPA by placing no less than 58 phone calls to Plaintiff's cellular phone from September 2017 through March 2018 using an ATDS without his consent.

31. Any prior consent, if any, was revoked by Plaintiff's multiple verbal revocations. As pled above, Plaintiff verbally revoked consent to be called on his cellular phone on at least 3 separate occasions in the phone calls he answered.

32. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

34. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, sureties, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

36. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, WILSON VAZQUEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

 b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

 c. Enjoining Defendant from contacting Plaintiff; and

 d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 26, 2018   Respectfully Submitted,

/s/ Marwan R. Daher   /s/ Omar T. Sulaiman
Marwan R. Daher, Esq. ARDC#6325465   Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*   *Counsel for Plaintiff*
Sulaiman Law Group, Ltd   Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200   2500 S Highland Ave, Suite 200
Lombard, IL 60148   Lombard, IL 60148
Telephone: (630) 575-1770   Telephone: (630) 575-8141
mdaher@sulaimanlaw.com   osulaiman@sulaimanlaw.com